IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION

| | |
|---|---|
| DARRIEN POWELL,<br><br>      Plaintiff<br>v.<br><br>BERKELEY TRACE 2019, LLC<br> and<br>CHELSEA MANAGEMENT GROUP, INC. d/b/a<br>CHELSEA MANAGEMENT<br> and<br>CHELSEA MANAGEMENT LLC d/b/a<br>CHELSEA MANAGEMENT<br><br>      Defendants | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED<br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

## COMPLAINT

### INTRODUCTION

Plaintiff, Darrien Powell ("Plaintiff"), by and through his attorney, Gerald B. Baldino, III, Esq., brings this action against the herein named Defendants, Berkeley Trace 2019, LLC; Chelsea Management Group, Inc. d/b/a Chelsea Management and Chelsea Management LLC d/b/a Chelsea Management (hereinafter collectively referred to as "Defendants"), for unlawful discrimination on the basis of his race, color, age and disability, retaliation, and Plaintiff's wrongful termination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII"), the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101 et seq., 42 U.S.C. Section 1981, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et. seq.*, the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12101, *et seq.*, and Plaintiff seeks damages, including compensatory, liquidated, punitive, and attorneys' fees and costs, and all other relief that this Court deems appropriate, and respectfully represents as follows:

## PARTIES

1. Plaintiff, Darrien Powell, is an adult individual and resident of the Commonwealth of Pennsylvania and City and County of Philadelphia.

2. Plaintiff is a fifty-six (56) year old African-American/black male, and at all times material hereto was an employee of Defendants within the meaning of the statutes that form the basis of this matter.

3. During the course of his employment, Plaintiff was diagnosed with degenerative arthritis of the right knee, a medical condition, which meets the definition of a "disability" under the Americans with Disabilities Act in that it substantially impairs one or more of Plaintiff Powell's major life activities. At all times, Plaintiff Powell was able to perform the essential functions of his position of employment.

3. Defendant Berkeley Trace 2019, LLC, is a Pennsylvania corporation with a registered business address of 10900 Bustleton Ave., Philadelphia, PA 19116.

4. Defendant Chelsea Management Group, Inc. d/b/a Chelsea Management, is a corporation organized and existing under the laws of the State of New Jersey with a business address at 282 Cedar Bridge Ave, Lakewood, NJ 08701.

5. Defendant Chelsea Management LLC d/b/a Chelsea Management is a corporation organized and existing under the laws of the State of New Jersey with a business address at 282 Cedar Bridge Ave, Lakewood, NJ 08701.

6. Defendants Chelsea Management Group, Inc. d/b/a Chelsea Management and Chelsea Management LLC d/b/a Chelsea Management (hereinafter referred to as the "Chelsea Management Defendants") own, manage, control, and/or operate apartments and housing

complexes in Pennsylvania, New Jersey, and Delaware, including in the City and County of Philadelphia.

7. At all times material hereto, Defendants were employers within the meaning of the statutes which form the basis of this matter.

8. The Defendants regularly engage in and conduct business in the Commonwealth of Pennsylvania.

9. At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

10. Upon information and beliefs, Defendants were jointly responsible for directing, supervising, managing, and operating the dealership, including with regard to decisions concerning the compensation, bonuses, fringe benefits, discharge, and replacement of all employees at the apartment complex, including Plaintiff.

## JURISDICTION AND VENUE

11. The causes of action which form the basis of this matter arise under Title VII, the PFPO, Section 1981, the ADEA, and the ADA.

12. The District Court has jurisdiction over Count I (Title VII), Count III (Section 1981), Count IV (ADEA) and Count V (ADA) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

13. The District Court has supplemental jurisdiction over Plaintiff's state law claims in Count II (PFPO) pursuant to 28 U.S.C. §1367.

14. Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. § 2000e-5(f)(3).

15. All conditions precedent to the institution of this suit have been fulfilled. Plaintiff timely filed a charge of discrimination, retaliation, and unlawful termination with the Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Philadelphia Commission on Human Relations ("PCHR"), received a Notice of Right to Sue ("NRTS") from the EEOC, and has properly commenced this action within 90 days of the receipt of the NRTS and has fully complied with all administrative prerequisites for the commencement of this action. Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the Notice of Right to Sue.

## GENERAL ALLEGATIONS

16. Throughout his employment with Defendants, up until his unlawful termination on January 26, 2021, because of his race, color, age, and disability and in retaliation of his complaints of discrimination, Plaintiff was employed by Defendants as a maintenance worker at the Berkeley Trace Apartments located at 3806 Bensalem Blvd., Bensalem PA 19020.

17. Upon information and belief, the Berkeley Trace Apartments are one of many apartment and housing complexes owned, operated, and/or managed by the Chelsea Management Defendants.

18. As a maintenance worker, Plaintiff was responsible for performing maintenance and repairs on apartment units, turning over apartments for new residents, and performing maintenance and repairs on the exteriors of building and on the grounds of the premises.

19. During his time as a maintenance worker, Plaintiff was an excellent employee, consistently meeting expectations and standards for his position and finishing his work and maintenance assignments in a timely manner.

20. By way of example, Plaintiff was informed that he did an excellent job when filling in as a supervisor for the maintenance supervisor who was away in October of 2020.

21. In fact, Plaintiff managed to maintain his consistent performance despite a diagnosis of arthritis in his right knee that caused him pain while working.

22. Plaintiff's condition, to wit the degenerative arthritis of his right knee, was further exacerbated by a work fall on or about July 18, 2020 when he fell, causing his left hip arthritis to become symptomatic, however he continued to work and timely complete his work assignments and meet all expectations and standards for his position.

23. However, throughout the course of his employment and up to and including his termination, Plaintiff was subjected to discrimination on the basis of his age, race and disability by Defendants, their servants, employees, and agents.

24. By way of example, Plaintiff was routinely given less time to turn over apartments than other maintenance workers.

25. Specifically, Plaintiff would be given three (3) days to turn over a unit, while other, younger, non-African American employees without disabilities were given five (5) days.

26. Plaintiff notified Phillip Himy, the property manager, and complained about the amount of time he had to turn over apartments compared to other similarly situated maintenance workers and complained about his hip pain and disability but was still given less time to turn over apartments than his co-workers.

27. Upon information and belief, Plaintiff was given less time because of his race, color, age, and disability.

28. Despite being given less time than the other similarly situated maintenance workers, Plaintiff still managed to turn over his units consistently and on time.

29. Plaintiff was also denied performance reviews and raises that were provided to other younger and/or white employees.

30. Specifically, other younger and/or Caucasian maintenance workers were provided performance reviews and raises.

31. These performance reviews and raises were not provided to Plaintiff, and it is believed and therefore averred that this was because of Plaintiff's race, color, age and disability.

32. Plaintiff complained about not receiving his performance review and not having a chance to achieve a raise, but no remedial efforts were made, and the discrimination continued.

33. Instead, Plaintiff was ultimately terminated on January 26, 2021, and was told that it was because of his performance, even though Plaintiff had not had any performance related issues, disciplinary actions, or write-ups.

34. Upon information and belief, Plaintiff was thereafter replaced by a younger, less qualified, and less experienced Caucasian maintenance worker who was not "disabled" as defined by the ADA.

34. It is believed and therefore averred that the reasoning for Plaintiff's termination is pretextual, and that the real reason for Plaintiff's termination is discriminatory and retaliatory.

35. Plaintiff, Darrien Powell, was discriminated against on the basis of his race, color, age and disability with respect to the terms, conditions and/or privileges of his employment.

36. Defendants wholly failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discrimination and retaliation.

37. The discriminatory and retaliatory conduct of Defendants made Plaintiff believe that the conditions of employment had been altered.

38. Under these circumstances, the retaliatory actions that Plaintiff was subjected to, including but not limited to the denial of his request for more time to flip over the apartments, denial of performance reviews and raises, and subsequent termination, would deter a reasonable employee from exercising their rights.

39. Defendants acted with malice, reckless indifference and/or deliberate indifference to Plaintiff's federal and locally protected rights.

40. Upon information and belief, Defendants had a pattern or practice of discriminating against older employees, African-American and black employees, and employees with disabilities.

41. Plaintiff's race, color, and age and disability were a motivating factor in Defendants' improper and discriminatory treatment of plaintiff.

42. Plaintiff's race, color, and age and disability were a determinative factor in Defendants' improper and discriminatory treatment of plaintiff.

43. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity including back and front pay, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I – TITLE VII

### Plaintiff, Darrien Powell v. All Defendants

44. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

45. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated Title VII.

46. Said violations were willful and intentional and warrant the imposition of punitive damages.

47. As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

48. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' harassment and discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

49. By reason of Defendants' discriminatory acts and retaliation, Ms. Powell is entitled to all legal and equitable remedies available under Title VII.

50. No previous application has been made for the relief requested herein.

## COUNT II – PFPO

### Plaintiff, Darrien Powell v. All Defendants

51. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

52. By committing the foregoing acts of discrimination, harassment and retaliation against Plaintiff, Defendant has violated the PHRA.

53. Said violations were intentional and willful.

54. As a direct and proximate result of Defendants' violation of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

55. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

56. By reason of Defendants' harassment, discrimination and retaliation, Mr. Powell is entitled to all legal and equitable remedies available under the PFPO.

57. No previous application has been made for the relief requested herein.

### COUNT III – SECTION 1981

#### Plaintiff, Darrien Powell v. All Defendants

58. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

59. By committing the foregoing acts of discrimination, harassment and retaliation, Defendant has violated Section 1981.

60. Said violations were done with malice and/or reckless indifference toward the federally protected rights of Plaintiff and their conduct warrants the imposition of punitive damages.

61. As a direct and proximate result of Defendants' violation of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

62. The wrongful acts and conduct of Defendants were done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

63. No previous application has been made for the relief requested herein.

### COUNT IV – ADEA

#### Plaintiff, Darrien Powell v. All Defendants

64. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

65. By committing the foregoing acts of discrimination and retaliation, Defendant has violated the ADEA.

66. Said violations were done with malice and/or reckless indifference toward the federally protected rights of Plaintiff.

67. As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

68. The wrongful acts and conduct of Defendants were done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

69. No previous application has been made for the relief requested herein.

## COUNT V – ADA

### Plaintiff, Darrien Powell v. All Defendants

70. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

71. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Powell to discrimination based on his actual and/or perceived disability and/or record of impairment, and retaliation for his complaints thereof, constituted a violation of the ADA.

72. By committing the foregoing acts of discrimination and retaliation, Defendant has violated the ADA.

73. Said violations were done with malice and/or reckless indifference toward the federally protected rights of Plaintiff.

74. As a direct and proximate result of Defendants' violation of the ADA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

75. The wrongful acts and conduct of Defendants were done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

76. No previous application has been made for the relief requested herein.

## PRAYER FOR RELIEF

77. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of the PFPO;

(c) declaring the acts and practices complained of herein to be in violation of Section 1981;

(d) declaring the acts and practices complained of herein to be in violation of the ADEA;

(e) declaring the acts and practices complained of herein to be in violation of the ADA;

(f) enjoining and permanently restraining the violations alleged herein;

(g) entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(h) awarding compensatory damages to make the Plaintiff whole for all past lost earnings, earning capacity and benefits, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(i) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(j) awarding punitive damages to Plaintiff under Title VII;

(k) awarding Plaintiff such other damages as are appropriate under Title VII, the PFPO, Section 1981, the ADEA, and ADA;

(l) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and;

(m) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

## JURY DEMAND

Plaintiff demands a trial by jury of the claims asserted herein.

SACCHETTA & BALDINO

By: _____
GERALD B. BALDINO, III, ESQUIRE
Attorney I.D. No. 326111
308 East Second Street
Media, PA 19063
P: (610) 891-9212
F: (610) 891-7190
gbaldino@sbattorney.com
Attorney for Plaintiff